IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

REGINALD DARNELL McDONALD,    §
#23008318,                    §
        Petitioner,    §
                              §
v.                            §    No. 3:23-cv-01162-K (BT)
                              §
AMBER GIVENS,                 §
        Respondent.    §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Reginald Darnell McDonald, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. On May 23, 2023, the Court sent McDonald a Notice of Deficiency and Order (ECF No. 4), which ordered him (i) to file a petition on the court-approved form, and (ii) to pay the filing fee or file a motion for leave to proceed *in forma pauperis*. The Order further informed McDonald that failure to respond and cure the deficiencies by June 23, could result in a recommendation that his case be dismissed. McDonald filed a letter to the District Judge, an attachment (ECF No. 5), and a motion to appointment counsel (ECF No. 6), but he has not paid the filing fee, filed a motion for leave to proceed *in forma pauperis*, or otherwise complied with the Court's May 23 Order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

*Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

McDonald failed to comply with the Court's order to file a petition on the court-approved form and pay the filing fee or file a motion to proceed *in forma pauperis*. The Court cannot screen McDonald's petition, and this litigation cannot proceed until McDonald cures these deficiencies.

McDonald has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss McDonald's petition without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed June 28, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE


INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.